**CYPRESS FOREST PUBLIC UTILITY DISTRICT, Appellant,**

v.

**KLEINWOOD MUNICIPAL UTILITY DISTRICT, Appellee.**

No. 14–09–00679–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 16, 2010.

Rehearing Overruled May 13, 2010.

Ramon G. Viada, III, Stefanie A. Strayer, Woodlands, for appellant.

Fred W. Stumpf, Houston, Richard E. Young, Dallas, for appellee.

Panel consists of Chief Justice HEDGES, Justice ANDERSON, and Senior Justice MIRABAL.*

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

This case involves a municipal utility district's allegation that rights acquired under an annexation agreement were appropriated by another utility district in violation of the takings clause under article I, section 17 of the Texas Constitution. Appellee, Kleinwood Municipal Utility District ("Kleinwood"), filed suit against appellant, Cypress Forest Public Utility District ("Cypress Forest"), claiming an unconstitutional taking of rights created under an annexation agreement. Kleinwood answered the lawsuit by filing a plea to the jurisdiction. The trial court denied the plea, and in turn, Cypress Forest brings this interlocutory appeal. In two issues, Cypress Forest complains that the trial court erred in denying its plea to the jurisdiction. We reverse and render.

## I. BACKGROUND

Kleinwood and Cypress Forest are Texas utility districts under section 59 of article XVI of the Texas Constitution and chapters 49 and 54 of the Texas Water Code. *See* Tex. Const. art. XVI, § 59; *see also* Tex. Water Code §§ 49.001–.512, 54.001–.813. This dispute originated from their competing efforts to secure a contract for the annexing of certain property to their respective districts.

### A. Annexation Agreements

The property sought to be annexed, owned by JP/Raveneaux Partners, L.P. ("JP/Raveneaux"), was a 39–acre tract of undeveloped land in Harris County ("Raveneaux tract"). In or around 2005, JP/Raveneaux and Kera Development, L.P. (collectively "the developers") began improving the tract of land for residential and commercial purposes. They explored annexation to a utility district for provision of water, sanitary sewer, and drainage services to the property. Because the Raveneaux tract was adjacent to both Kleinwood's district and Cypress Forest's district, the developers considered annexing the property to either utility district.

On October 5, 2006, Kleinwood and the developers entered into an annexation contract ("Kleinwood annexation agreement"). The Kleinwood annexation agreement provided that "[a]t such time as Developer desires to obtain service to the Tract, Developers shall execute and file . . . [an] . . . Annexation Petition" requesting that the Raveneaux tract be annexed to Kleinwood's district. The Kleinwood annexation agreement further provided that if the developers failed to execute a petition for annexation within a year of the agreement, the Kleinwood annexation agreement would automatically terminate.

Additionally, the Kleinwood annexation agreement provided that the developers might construct water, sanitary sewer, and drainage facilities needed for improving the Raveneaux tract. Upon completion of the necessary infrastructure, the developers agreed to convey the facilities to

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

Kleinwood. Kleinwood agreed to provide 257,400 gallons of water per day to the Raveneaux tract and 94,500 gallons of sewage treatment capacity per day. Kleinwood further agreed to use "good faith efforts" to obtain voter approval for the sale of bonds to reimburse the developers for construction costs of the facilities. Thereafter, Kleinwood would be able to tax the owners of properties within the annexed tract and use those revenues for repayment to its bondholders and for the benefit of other property owners within its district. If construction of the facilities had not commenced within two years of the agreement, the Kleinwood annexation agreement would automatically terminate.

Cypress Forest soon learned of the Kleinwood annexation agreement. Kleinwood alleges that in early 2008, Cypress Forest began soliciting and negotiating with the developers. It encouraged the developers to abandon the Kleinwood annexation agreement and to enter into a similar contract with Cypress Forest for the purpose of annexing the Raveneaux tract to Cypress Forest's district. Kleinwood claims that the developers' attendance at Kleinwood's board meetings and the developers' communication with Kleinwood dwindled thereafter. On September 2, 2008, and without notice to Kleinwood, the developers entered into an annexation agreement with Cypress Forest ("Cypress Forest annexation agreement") calling for the development of the Raveneaux tract and annexation of the tract to Cypress Forest's district. Thereafter, the developers sent Kleinwood notice that the Kleinwood annexation agreement had terminated.

### B. Trial Court Proceedings

Initially, Kleinwood sued Cypress Forest and the developers in federal court.

Kleinwood alleged that Cypress Forest had (1) deprived Kleinwood of its rights created under 42 U.S.C. section 1983, (2) conspired with the developers in violation of 42 U.S.C. section 1983, (3) deprived Kleinwood of due process under the Fourteenth Amendment of the United States Constitution, (4) effected an unconstitutional taking in violation of article I, section 17 of the Texas Constitution, and (5) tortiously interfered with Kleinwood's existing contract with the developers. Ruling on Cypress Forest and the developers' 12(b)(6) motion, the federal district court dismissed Kleinwood's section 1983 and Fourteenth Amendment claims with prejudice and dismissed the state article I, section 17 takings claim without prejudice.

Kleinwood then filed its article I takings claim against Cypress Forest and its board of directors in state district court. Against Cypress Forest, Kleinwood claimed only an unconstitutional taking in violation of article I, section 17. Cypress Forest later filed a plea to the jurisdiction, arguing that Kleinwood's takings claim was in fact an inverse condemnation cause of action, a claim over which the county civil courts at law have exclusive jurisdiction pursuant to section 25.1032(c) of the Texas Government Code.[1]

In response, Kleinwood contended that section 25.1032(c) applied only to eminent domain cases; by contrast, its takings claim did not allege the exercise of the state's eminent domain powers. Kleinwood argued that because the case involved the taking of contract rights—not real property—section 25.1032(c) was not applicable. Cypress Forest later supplemented its plea to the jurisdiction, further arguing that *all* article I, section 17 claims were captured by section 25.1032(c), and thus, Kleinwood's article I, section 17 claim

---

1. *See* Tex. Gov't Code § 25.1032(c).

could not be adjudicated in the district court. Additionally, Cypress Forest argued that it had governmental immunity from Kleinwood's takings claim because: (1) Kleinwood had no vested property interest under the Kleinwood annexation agreement and (2) Cypress Forest's act of contracting with the developers did not constitute a taking because the act was neither a physical taking nor a regulatory taking.

After a hearing on Cypress Forest's plea to the jurisdiction, the trial court denied the plea, and the instant accelerated appeal ensued. On appeal, Cypress Forest argues that the district court lacked jurisdiction on two grounds: (1) section 25.1032(c) divested the district court's jurisdiction to hear Kleinwood's takings claim and (2) Cypress Forest's sovereign immunity had not been waived because Kleinwood failed to plead a valid takings claim.

## II. STANDARD OF REVIEW

A plea to the jurisdiction seeks dismissal on the ground that the trial court lacks subject-matter jurisdiction to hear the cause. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004). Whether a court has subject-matter jurisdiction is a question of law which we review *de novo. Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's subject-matter jurisdiction over a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

When a plea challenges the pleadings, we determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction to hear the case. *Miranda,* 133 S.W.3d at 226. We construe

the pleadings liberally in favor of the plaintiff and look to the pleader's intent; we do not decide the merits of the case. *See id.; see also Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). If the pleadings neither establish jurisdiction nor demonstrate incurable defects in jurisdiction, we must afford the plaintiff an opportunity to amend its pleadings. *Miranda,* 133 S.W.3d at 226–27. However, if the pleadings affirmatively negate jurisdiction, the trial court may grant a plea to the jurisdiction without allowing the plaintiff the opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

When the defendant's plea challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional questions raised. *See Miranda,* 133 S.W.3d at 227. Then, we assume as true all evidence favoring the nonmovant. *See id.* at 228. If the evidence generates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction must be denied. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## III. TRIAL COURT'S JURISDICTION

In its first issue, Cypress Forest contends that the lower district court lacked jurisdiction to hear Kleinwood's article I, section 17 claim because: (1) Government Code section 25.1032(c) vests the county civil court at law with exclusive jurisdiction over Kleinwood's takings claim and (2) Kleinwood's claim is not a taking by eminent domain.

### A. Section 25.1032(c)

Cypress Forest first contends that Kleinwood's takings claim falls within the

county civil court at law's exclusive jurisdiction. Section 25.1032(c) provides that a "county civil court at law has exclusive jurisdiction in Harris County of eminent domain proceedings, both statutory and inverse, regardless of the amount in controversy." Tex. Gov't Code § 25.1032(c). Relying on two cases from our sister court, Cypress Forest contends that the language of this section covers *all* article I, section 17 cases, not just statutory and inverse eminent domain proceedings. *See Villarreal v. Harris County*, 226 S.W.3d 537 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *City of Houston v. Boyle*, 148 S.W.3d 171 (Tex.App.-Houston [1st Dist.] 2004, no pet.).[2]

### 1. *Villarreal* and *Boyle*

Contrary to Cypress Forest's contention, the First Court's opinions in *Villarreal* and *Boyle* did not hold that *all* article 1, section 17 claims are subject to section 25.1032(c). *See Villarreal*, 226 S.W.3d at 544 (holding "that the improper use of taxing power to accomplish a taking of real property is a use of eminent domain power, and thus, jurisdiction over any claim that alleges such rests exclusively in the Harris County Civil Courts at Law"); *see also Boyle*, 148 S.W.3d at 179 ("Because Boyle's pleadings seek recovery premised on allegations that the City's alleged conduct—both nonnegligent nuisance and inverse condemnation—resulted in a taking of his property that entitled him to compensation, we conclude that exclusive jurisdiction over Boyle's ... inverse condemnation claim ... is in the Harris County Civil Courts at Law pursuant to section 25.1032(c) of the Government Code."). *Villarreal* did not hold that *all* article I, section 17 claims are subject

to section 25.1032(c). Rather, *Villarreal* concluded that a state's improper use of its taxing power to take a person's real property is an exercise of eminent domain powers and therefore subject to section 25.1032(c). 226 S.W.3d at 544. Here, there is no allegation of an improper use of taxing power to take real property.

Furthermore, the plaintiff in *Boyle* explicitly pleaded an inverse condemnation claim, which subjected the suit to the county court's exclusive jurisdiction by the plain language of section 25.1032(c). 148 S.W.3d at 174. Kleinwood's pleadings do not allege injury by "inverse condemnation" on their face. Accordingly, Cypress Forest's reliance on *Villarreal* and *Boyle* for the proposition that all article I, section 17 claims fall under section 25.1032(c) of the Government Code is misplaced. Because Cypress Forest cites to no authority holding that all article I, section 17 claims are subject to section 25.1032(c), we reject Cypress Forest's argument and overrule its first issue.

## IV. VALIDITY OF TAKINGS CLAIM AND GOVERNMENTAL IMMUNITY

In its second issue, Cypress Forest argues alternatively that because the rights alleged to have been taken from Kleinwood under the Kleinwood annexation agreement were *not* an exercise of eminent domain powers, its sovereign immunity has not been waived, and it is therefore immune from suit. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598–99 (Tex.2001) (reasoning that the immunity doctrine shielded the State from an invalid constitutional-takings claim).

---

**2.** In its reply brief, Cypress Forest further argues that because Kleinwood's takings claim is really an inverse condemnation claim, it is subject to section 25.1032(c). In

response, Kleinwood contends that its article I, section 17 takings claim is a taking of contract rights, not real property rights, and therefore not subject to section 25.1032(c).

Cypress Forest supports its legal conclusion on the facts that (1) the right to annexation was contingent on the developers' constructing the facilities; (2) the right to tax was contingent on ever-changing tax laws; (3) interference with a contract does not constitute a "taking" under Texas law; and (4) the rights allegedly appropriated were contract rights, not real property rights.

### A. Taking by Eminent Domain

The distinction between a taking by eminent domain and a taking not in eminent domain is a murky topic in constitutional condemnation jurisprudence. Article I, section 17 claims have generally fallen under one of three categories: (1) the taking or interference of a right by physical possession or regulation; (2) the taking of property by the state's exercise of a colorable contract right; and (3) the taking, damaging, or destruction of real property by eminent domain or inverse condemnation.

### 1. Physical or Regulatory Taking

To establish a takings claim, a plaintiff must prove (1) the intentional performance by the governmental entity of certain acts, (2) that resulted in a "taking" of property, (3) for public use. *Id.* at *598.* A taking can be either a physical taking or a regulatory taking. *Tarrant Reg'l Water Dist. v. Gragg,* 151 S.W.3d 546, 554 (Tex. 2004); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 933 (Tex.1998). A physical taking occurs when the government physically authorizes an unwarranted physical occupation of the property. *Gragg,* 151 S.W.3d at 554; *Mayhew,* 964 S.W.2d at 933. Kleinwood did not allege a physical occupation; thus, it has not alleged a physical taking.

In the absence of any physical invasion, a regulatory taking may occur by means of a governmental restriction that constitutes an unreasonable interference with the use and enjoyment of the property. *Lowenberg v. City of Dallas,* 168 S.W.3d 800, 802 (Tex.2005); *Taub v. City of Deer Park,* 882 S.W.2d 824, 826 (Tex. 1994). In the instant case, there are no allegations or facts presenting a regulatory taking. Accordingly, Cypress Forest's acts do not constitute a physical or regulatory taking.

### 2. Contract Disputes

The Texas Supreme Court has held that when the State withholds property in a contractual context, it lacks the necessary intent to commit a taking because it "is acting within a color of right under the contract and not under its eminent domain powers." *Little–Tex Insulation Co.,* 39 S.W.3d at 598–99. The Supreme Court's reasoning rests on the concept that the State may wear two hats: one as a contracting party, "akin to a private citizen," and another as a sovereign. *Id.* at 599. However, this theory does not apply in the instant case because the complained-of act—Cypress Forest's interference with the Kleinwood annexation agreement—was not pursuant to an existing contract right belonging to Cypress Forest.

Kleinwood complains of Cypress Forest's alleged acts *prior to* the Cypress Forest annexation agreement: by persuading the developers to breach its contract with Kleinwood and by entering into the Cypress Forest annexation agreement, Cypress Forest appropriated Kleinwood's rights to have the tract annexed to its district and to tax the property in the future. These alleged acts of interference occurred before Cypress Forest was a party to the Cypress Forest annexation agreement. Thus, the alleged act of taking—interfering with the Kleinwood annexation agreement—was not pursuant to an *existing* colorable contract right creat-

ed under the Cypress Forest annexation agreement. Accordingly, Cypress Forest was not acting under existing contract rights.

### 3. Eminent Domain

■■ Eminent domain refers to the power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise a function of state power. *Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 456 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (quoting BLACK's LAW DICTIONARY 523 (6th ed. 1990)); *see also Ft. Worth & D.C. Ry. Co. v. Ammons*, 215 S.W.2d 407, 409 (Tex.Civ.App.-Amarillo 1948, writ ref'd n.r.e.) (stating that eminent domain is the right of the state, or of those to whom power has been delegated, to condemn private property for public use, and to take ownership and possession of property on paying owner due compensation). The process of exercising the power of eminent domain is commonly referred to as "condemnation" or "expropriation." *Taub*, 93 S.W.3d at 456. Because a taking by eminent domain traditionally has been used to seek compensation for the damaging, destruction, or taking of *real property*, Kleinwood attempts to distinguish its takings claim from eminent domain cases: the rights for which Kleinwood seeks compensation are contract rights to have the Raveneaux tract annexed to its district and to tax the property owners within the tract.

■■ Although eminent domain has traditionally been used in the condemning of real property, neither party has directed the Court to authority reflecting that such power is limited to the taking of real property. However, at least one court of appeals has acknowledged, in the context of article I, section 17, that eminent domain involves condemnation of interests in real property, not the alleged taking of property interests created under a contract. *See State v. Operating Contractors/State*, 985 S.W.2d 646, 651 (Tex.App.-Austin 1999, pet. denied); *see also MBP Corp. v. Bd. Of Trs. of Galveston Wharves*, 297 S.W.3d 483, 491–92 (Tex.App.-Houston [14th Dist.] 2009, no pet.). We decline Kleinwood's invitation to extend the definition of condemned property, in the context of eminent domain, to include contract rights. Accordingly, we sustain Cypress Forest's second issue to the extent that the alleged taking of Kleinwood's contract rights is not an exercise of eminent domain.

### B. Vested Property Interest

Cypress Forest further contends in its second issue that Kleinwood failed to plead a valid takings claim because (1) the right to annexation was contingent on the developers' construction of the facilities and the right to tax was contingent on ever-changing tax laws and (2) Cypress did not appropriate Kleinwood's contract rights.[3]

■■ A person asserting a valid article I takings claim must show that it has a vested property interest. The two property interests that Kleinwood asserts were taken are (1) the right to be petitioned to have the Raveneaux tract annexed to its district and (2) the right to tax property owners within the tract and its district. Neither of these interests is a vested property right. *See City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 311 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (concluding that an "interest in receiving ad valorem tax revenues is not a vested property right for purposes of asserting a violation of article I, section 17"). The right to collect ad

---

**3.** Cypress Forest's argument that it did not appropriate Kleinwood's contract rights addresses the merits of Kleinwood's takings claim. However, a challenge to the merits of a claim is not proper in a plea to the jurisdiction.

valorem tax revenues is dependent on the characteristics and status of the entity owning the property. *Id.* Such taxes are based merely on the expectancy that all future landowners in the district will be subject to paying ad valorem taxes. *Id.* Accordingly, Kleinwood's right to collect ad valorem taxes is not a vested right, but a "qualified" property right. *See id.* Likewise, Kleinwood's right to annexation was "qualified." This right vested upon only the developers' discretion to execute and file the petition for annexation. Furthermore, if the petition for annexation was not filed within a year of the Kleinwood annexation agreement, the agreement terminated. Accordingly, Kleinwood did not have a vested property right.

■ Because Kleinwood has failed to plead a vested property interest, and therefore no valid takings claim, governmental immunity bars its suit against Cypress Forest. *See Little–Tex Insulation Co.,* 39 S.W.3d at 599. We sustain Cypress Forest's second issue to the extent that Kleinwood did not plead a vested property interest. Accordingly, we hold that the trial court erred in denying Cypress Forest's plea to the jurisdiction.

### V. CONCLUSION

We reverse the trial court's order denying Cypress Forest's plea to the jurisdiction and render judgment dismissing Kleinwood's suit for want of jurisdiction.

Senior Justice Mirabal concurs in the result with the following note: "Justice Mirabal concurs in the result, joining only in the analysis under the heading 'IV.B. Vested Property Interest.'"

Senior Justice MIRABAL concurring in the result with note.