**EL DORADO LAND COMPANY,
L.P., Appellant,**

v.

**CITY OF McKINNEY, Appellee.**

No. 05–10–00381–CV.

Court of Appeals of Texas,
Dallas.

Aug. 30, 2011.

Ernest Walter Leonard, Friedmann & Feiger, L.L.P., Dallas, TX, for Appellant.

Mark E. Goldstucker, Brown & Hofmeister, L.L.P., Richardson, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from the trial court's order dismissing El Dorado Land Company, LP.'s lawsuit for inverse condemnation against the City of McKinney. In a single issue, El Dorado contends the trial court erred in granting the City's plea to the jurisdiction. Concluding that El Dorado has failed to plead a compensable interest in property sufficient to support a valid takings claim, we affirm the trial court's order.

### I.

For purposes of our discussion, we accept as true the following facts alleged in El Dorado's first amended petition.[1] In 1999, El Dorado sold certain real property to the City for $150,000. The special warranty deed conveying the property to the City provided in relevant part as follows:

This conveyance by Grantor to Grantee is made subject to the requirement and restriction that the Property shall be used only as a Community Park. For purposes hereof, the term "Community Park" shall mean and be defined as a park and recreational facility operated by Grantee and serving the citizens of the City of McKinney. In the event Grantee violates the foregoing restriction or should Grantee desire not to develop the Property as a Community Park, Grantor and Grantor's successors and assigns shall have the option (the "Option") to purchase the Property for a purchase price in an amount equal to the lesser of (i) the then fair market value of the Property, or (ii) the purchase price paid by [the City] to [El Dorado] for the Property.

Sometime during 2009, the City built a library on the property. On September 15, 2009, El Dorado notified the City by letter that it was in violation of the deed restriction and of its intention to purchase the property for $150,000 in accordance with the option it held pursuant to the deed. El Dorado also requested the closing of the purchase within ninety days. The City did not respond to El Dorado's letter. El Dorado alleges that the City's failure to convey the property to it or to condemn its reversionary interest and option rights constitutes a taking of El Dorado's property without compensation.

El Dorado sued the City asserting a cause of action for inverse condemnation under article I, section 17 of the Texas Constitution.[2] The City filed a plea to the

---

1. Where, as here, the plea to the jurisdiction challenges the pleadings, we construe the allegations in the pleadings liberally in favor of the pleader and look to the pleader's intent. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.,* 972 S.W.2d 140, 142–43 (Tex.App.-Dallas 1998, no pet.).

2. In its first amended petition, El Dorado omitted the claim previously asserted in its original petition under the Private Real Property Rights Preservation Act.

jurisdiction generally asserting that the trial court lacked subject matter jurisdiction over this matter because (1) El Dorado's claim was for damages for an alleged violation of a deed restriction for which the City's governmental immunity has not been waived and (2) El Dorado lacked standing to assert an inverse condemnation claim because it had no ownership interest in the property. The trial court granted the City's plea and dismissed El Dorado's lawsuit for lack of subject matter jurisdiction. This appeal followed.

## II.

■■■ A plea to the jurisdiction is a challenge to the trial court's authority to hear and decide a particular claim. *See Miranda,* 133 S.W.3d at 225–26. The issue of whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007). In determining whether the plea was properly granted, we do not weigh the merits of the plaintiff's claims and will affirm a dismissal when the pleadings affirmatively negate the existence of subject matter jurisdiction. *See Cty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). As we have noted, the City's plea to the jurisdiction challenged El Dorado's pleadings rather than the existence of jurisdictional facts. Thus, to defeat the City's plea to the jurisdiction, El Dorado need only plead sufficient facts to show the elements of an inverse condemnation cause of action—specifically, it must allege the City intentionally performed acts that resulted in a "taking" of its property for public use. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 598 (Tex. 2001).

Both parties agree that the resolution of this appeal depends on whether the interest retained by El Dorado in the deed, that is, the right to repurchase the property in the event the City violated the deed restriction, is a compensable interest in property sufficient to support an inverse condemnation claim. The City argues that because El Dorado has only a contractual option to repurchase the property, which is a potential rather than definitive interest in the property, it has not alleged a sufficient property interest that is subject to a governmental taking. It further contends that in the absence of a compensable property interest, El Dorado lacks standing to pursue a claim for inverse condemnation. The City thus characterizes El Dorado's claim as one for breach of contract based on the violation of a deed restriction for which governmental immunity has not been waived. El Dorado, on the other hand, argues that any interest in property can be subject to a governmental taking. Accordingly, it contends its purchase option is a compensable interest because it was exercised in accordance with the deed provisions.

■■■ The Supreme Court of Texas has held that a suit for inverse condemnation is a proper vehicle for recovery when the government's action against an economic interest of a property owner is for its own advantage. *City of Austin v. Teague,* 570 S.W.2d 389, 391–93 (Tex.1978). To sue for inverse condemnation, however, a party must have a vested property interest at the time of the alleged taking. *See Tex. S. Univ. v. State St. Bank & Trust Co.,* 212 S.W.3d 893, 903 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). In effect, "[t]he essence of an inverse condemnation proceeding is that the government has intentionally taken or unreasonably interfered with an owner's use of property and the property owner is attempting to recover compensation for the lost or impaired rights." *State v. Brownlow,* 319 S.W.3d 649, 652 (Tex.2010).

According to El Dorado, a purchase option is a compensable interest in property because it is an interest in specific land not possessed by members of society in general. As support for its argument, El Dorado notes that holders of an exercised option are permitted to seek specific performance to compel delivery of title. It also relies on cases from other jurisdictions that have held an option contract was a compensable interest in property. *See United States v. 3,035.73 Acres of Land*, 650 F.2d 938, 941 (8th Cir.1981) ("option" to cut and remove trees no different than a timber deed which is a conveyance of an interest in real property in accordance with Arkansas law); *County of San Diego v. Miller*, 13 Cal.3d 684, 119 Cal.Rptr. 491, 532 P.2d 139, 144 (1975) (unexercised option is compensable property right to extent condemnation award exceeds optioned purchase price); *Texaco, Inc. v. Comm'r of Transp.*, 34 Conn.Supp. 194, 383 A.2d 1060, 1062 (Conn.Super.Ct.1977) (in condemnation proceeding, lessee's unexercised option to purchase was a contractual right relating to an interest in land and, thus, a compensable interest); *City of Peerless Park v. Dennis*, 42 S.W.3d 814, 818–19 (Mo.Ct.App.2001) (unexercised option is compensable property interest in condemnation proceeding under Missouri law); *Sholom, Inc. v. State Roads Comm'n*, 246 Md. 688, 229 A.2d 576, 582 (1967) (lessee's unexercised option to extend lease or buy before taking was compensable in condemnation proceeding). After reviewing the above cases in conjunction with existing Texas law, we either are not persuaded by their reasoning or are unconvinced of their applicability to the matter before us.

■ A purchase option is a unilateral contract that becomes a binding bilateral contract for the purchase and sale of property once the option is exercised in accordance with its terms. *See Pitman v. Sanditen*, 626 S.W.2d 496, 497–98 (Tex.1981). In Texas, however, a claim for inverse condemnation under article I, section 17 of the Texas Constitution has traditionally involved interests in real property and not the alleged taking of property interests created under contract. *See Cypress Forest Pub. Util. Dist. v. Kleinwood Mun. Util. Dist.*, 309 S.W.3d 667, 675 (Tex.App.-Houston [14th Dist.] 2010, no pet.). Here, the interest for which El Dorado seeks compensation is its contractual right to repurchase the property. In *Cypress Forest*, the Houston court of appeals declined to extend the definition of condemned property to include contract rights in the context of eminent domain. *See id.* Like the court in *Cypress Forest*, we decline to extend the definition of condemned property to include contract rights such as those created by El Dorado's alleged exercise of its purchase option.

In reaching this conclusion, we necessarily reject El Dorado's argument that, pursuant to the deed provision, it held a reversionary interest or the "possibility of reverter" in the property. The possibility of reverter is the term used in our law to describe "what the grantor owns as a future interest in a determinable fee grant; it is the grantor's right to fee ownership reverting to him if the condition terminating the determinable fee occurs." *Luckel v. White*, 819 S.W.2d 459, 464 (Tex.1991). The deed here did not grant such an interest to El Dorado.

Because El Dorado has not alleged a compensable property interest, it has not pleaded a valid inverse condemnation claim. Governmental immunity bars its suit against the City. Accordingly, we affirm the trial court's judgment.