**Reversed and Rendered and Opinion filed September 8, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00764-CV

---

### LUCE BAYOU PUBLIC UTILITY DISTRICT, Appellant

### V.

### WILLIAM JAMIE KILPATRICK, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1154904**

---

## O P I N I O N

A public utility district appeals the denial of its plea to the jurisdiction, in which the district asserted governmental immunity against the claims asserted by the plaintiff. Because the plaintiff has not alleged a valid waiver of the district's governmental immunity as to his claims, we reverse and render.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2014, appellee/plaintiff William Jamie Kilpatrick bought the

property at 26908 Winding River Trail, Huffman, Texas 77336 (the "Property"). The Property is located within the boundaries of appellant/defendant Luce Bayou Public Utility District, a public utility district created pursuant to chapters 49 and 54 of the Texas Water Code and article XVI, section 59 of the Texas Constitution (the "District"). When Kilpatrick bought the Property, the District provided water and sewer services to many of the properties within the District's boundaries, but the District had not extended water and sewer service lines to the Property.

Kilpatrick filed suit against the District asserting that he has paid nearly $14,000 in taxes to the District but has never received water and sewer services. When he complained about the lack of services, the District replied that it was unable to extend water and sewer services due to a lack of funding. The District stated it could provide such services to Kilpatrick if he would pay $79,000, the estimated cost to install the water and sewer lines to the Property. Kilpatrick declined to pay for the lines and instead paid approximately $14,000 to install his own water well and septic tank.

When Kilpatrick purchased the Property, he was given a Notice to Purchasers of Real Property ("Notice"). The Notice states:

- The Property that Kilpatrick is about to purchase is located in the area of the District.
- The District has taxing authority separate from any other taxing authority and may[,] subject to voter approval, issue an unlimited amount of bonds and levy an unlimited tax rate in payment of such bonds.
- As of June 13, 2014, the rate of taxes levied by the District on real property located in the District was $1 on each $100 of assessed valuation.
- The District's purpose is to provide water, sewer, drainage, or flood control facilities and services within the District through the issuance of bonds payable in whole or in part from property taxes.

2

> The cost of these utility facilities is not included in the purchase price of the Property, and these facilities are owned or to be owned by the District.

Kilpatrick alleges in his live pleading that the District issued the Notice to him. But the Notice that Kilpatrick attaches to his pleading contains the signature of the person who sold the Property to Kilpatrick, rather than the signature of any person acting on behalf of the District. In addition, the text of the Notice is substantially similar to the form contained in Texas Water Code section 49.452(d), which is one of the forms of notice prescribed by the Texas Legislature as a way for a seller of real property to give to the purchaser the written notice required under Texas Water Code section 49.452(a). *See* Tex. Water Code Ann. § 49.452 (a), (d) (West, Westlaw through 2021 C.S.). We presume, without deciding, that the District issued the Notice to Kilpatrick.

Kilpatrick asserts purported claims against the District for (1) breach of contract, (2) unjust enrichment, and (3) equitable estoppel. As to his breach-of-contract claim, Kilpatrick asserts that the Notice "serves as a quasi-contract in which [the District] impliedly promises to provide water, sewer, drainage or flood control facilities and services in exchange for a tax on [the Property]." Kilpatrick asserts that he signed the Notice at the closing of his purchase of the Property. Kilpatrick alleges that the District's services have never been available to him and that the District has failed to perform or provide its promised services, thus breaching the District's contract.

As to unjust enrichment, Kilpatrick asserts that the District has obtained $13,942.94 in taxes from Kilpatrick for water, sewer, drainage, or flood control services that were never rendered and that to allow the District to retain this benefit would be unjust.

As to equitable estoppel, Kilpatrick asserts that there is a quasi-contract in

which the District agrees to provide water and sewage services for the stipulated taxes and the District has collected $13,942.94 in taxes from Kilpatrick without providing water or sewage services. Kilpatrick states that since he installed a water well and septic system he is effectively paying twice for the services the District has failed to provide. Kilpatrick claims that equitable estoppel should be applied because the circumstances demand its application to prevent manifest injustice. Kilpatrick alleges that preventing the District from "billing" Kilpatrick for water and sewer services would not interfere with the District's ability to "bill" other residents of the District and that "it would not impose a liability on [the District] or require [the District] to use its funds to reimburse [Kilpatrick]." For his purported equitable estoppel claim, Kilpatrick relies upon a line of cases, including *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex. 1970), addressing the circumstances under which courts may hold that a governmental unit is equitably estopped from exercising its governmental powers (the "Equitable Estoppel Cases"). Kilpatrick alleges in his live pleading that under these cases, the District does not have governmental immunity as to Kilpatrick's equitable estoppel claim. Kilpatrick does not cite any statute as the source of any waiver of the District's governmental immunity.

Based on his claims Kilpatrick seeks a money judgment against the District for $32,367.94, plus interest, reasonable and necessary attorney's fees, and court costs. Kilpatrick also seeks a court order that (1) the District stop "billing [Kilpatrick] for water and sewage services or any other services [the District] fails to provide"; and (2) Kilpatrick is not required to pay the District any taxes "for water or sewage services not provided." Kilpatrick also seeks specific performance of his alleged contract with the District by an order compelling the District to install sewage and water lines and commence providing water, sewage, and

4

drainage services to Kilpatrick pursuant to the alleged contract.

The District filed a plea to the jurisdiction asserting that Kilpatrick had not carried his burden of demonstrating the trial court's jurisdiction by alleging a valid waiver of the District's governmental immunity. The District contended that Kilpatrick had failed to plead any valid basis for a waiver of the District's immunity from suit under the doctrine of governmental immunity. The District asserted that the trial court lacked subject-matter jurisdiction over this case due to the District's governmental immunity and sought an order dismissing Kilpatrick's claims on this basis.

The trial court signed an order denying the District's plea to the jurisdiction. The District timely perfected this interlocutory appeal of the trial court's order under Texas Civil Practice and Remedies Code section 51.014(a)(8). *See* Tex. Civ. Prac. & Rem. Code Ann §51.014(a)(8) (West, Westlaw through 2021 C.S.).

## II. ISSUES AND ANALYSIS

**Did the trial court err in denying the District's jurisdictional plea?**

In its sole issue, the District asserts that the trial court erred in denying its jurisdictional plea. A defendant may seek a dismissal on the ground that the trial court lacks subject-matter jurisdiction over claims against that defendant due to governmental immunity by filing a plea to the jurisdiction. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). Whether a court has jurisdiction is a question of law that we review de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When, as in today's case, a party has filed a plea to the jurisdiction challenging the pleadings, we must construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A party suing a

5

governmental entity bears the burden of affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the party has met that burden, we consider the facts alleged by the party and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties. *Id.*

The District is a public utility district created pursuant to article XVI, section 59 of the Texas Constitution and Chapters 49 and 54 of the Texas Water Code that generally enjoys governmental immunity. *See* Tex. Const. art. XVI, § 59; Tex. Water Code Ann. §§ 49.001, et seq., 54.001, et seq. (West, Westlaw through 2021 C.S.); *Cypress Forest Public Utility Dist. v. Kleinwood Municipal Utility Dist.*, 309 S.W.3d 667, 670, 676 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The provision of water and sewer services and the assessment of taxes are inherently governmental functions. *See* Tex. Civ. Prac. & Rem. Code §101.0215 (a)(9), (11), (26),(32) (West, Westlaw through 2021 C.S.); *Bennett v. Brown County Water Imp. Dist. No. 1*, 272 S.W.2d 498, 501–02 (Tex. 1954). Kilpatrick does not assert that the District was engaged in a proprietary function. *See Dallas/Fort Worth Int'l Airport Bd. v. Vizant Technologies, L.L.C.*, 576 S.W.3d 362, 366–67 (Tex. 2019). Because the District was performing governmental functions when it allegedly entered into the purported contract and engaged in the acts or omissions at issue in this case, the District enjoys governmental immunity, unless that immunity has been waived. *See Dallas/Fort Worth Int'l Airport Bd.*, 576 S.W.3d at 366–67; *Bennett*, 272 S.W.2d at 501–02.

Governmental immunity has two components: immunity from liability and immunity from suit. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). If the District enjoys immunity from suit under the doctrine of governmental immunity, a court lacks subject-matter jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Cypress Forest Public Utility*

6

*Dist.*, 309 S.W.3d at 670, 676.

This case does not involve an ultra vires claim, a claim in which a plaintiff may sue state officers in their official capacity without a statutory waiver of immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371–73 (Tex. 2009). Even if Kilpatrick tried to assert an ultra vires claim against the District, it would be barred by governmental immunity. *See id*. at 372–73. Kilpatrick does not assert that the non-statutory waiver of immunity from the *Reata* case applies, and even if he did, the record does not support a waiver of governmental immunity under the *Reata* case. *See Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 373 (Tex. 2006). Kilpatrick has not relied upon section 49.066(a) of the Texas Water Code, and in any event the Supreme Court of Texas has held that this statute does not waive a district's governmental immunity. *See* Tex. Water Code Ann. § 49.066(a) (West, Westlaw through 2021 C.S.) (stating "[a] district may sue and be sued in the courts of this state in the name of the district by and through its board. A suit for contract damages may be brought against a district only on a written contract of the district approved by the district's board"); *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 837–38 (Tex. 2010).

Kilpatrick has not relied upon the Declaratory Judgments Act for a waiver of the District's governmental immunity, but even if he had, this statute provides only a limited waiver of governmental immunity for challenges to the validity of an ordinance or statute and does not waive governmental immunity for an action seeking declaration of the plaintiff's rights under a statute or other law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West, Westlaw through 2021 C.S.); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552–53 (Tex. 2019). Kilpatrick has not argued that Texas Local Government Code section 271.152 waives the District's governmental immunity, and even if Kilpatrick had done so, that argument would lack merit because Kilpatrick has not alleged a "contract

7

subject to this subchapter." *See* Tex. Loc. Gov't Code Ann. § 271.152 (West, Westlaw through 2021 C.S.) (waiving governmental immunity to suit of a local governmental entity that is authorized to enter into a contract as to a claim for breach of a "contract subject to this subchapter" that the entity entered into); Tex. Loc. Gov't Code Ann. § 271.151(2)(A) (defining a "contract subject to this subchapter" as "(A) a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity; or (B) a written contract, including a right of first refusal, regarding the sale or delivery of not less than 1,000 acre-feet of reclaimed water by a local governmental entity intended for industrial use"); *Dallas/Fort Worth Int'l Airport Bd.*, 576 S.W.3d at 367–68.

Kilpatrick does not cite any statute as a waiver of the District's immunity. The only alleged basis that Kilpatrick invokes is the Equitable Estoppel Cases. One of these cases is *City of White Settlement v. Super Wash, Inc.*, a case in which the Supreme Court of Texas elaborated on the established rule that a municipality may be equitably estopped from enforcing one of its ordinances in an exceptional case in which (1) justice requires the application of equitable estoppel, and (2) there is no interference with the municipality's ability to perform its governmental functions. *See* 198 S.W.3d 770, 774–78 (Tex. 2006). Kilpatrick contends that this test is satisfied in today's case. Significantly, in the Equitable Estoppel Cases, the courts do not address an assertion of sovereign or governmental immunity or an alleged waiver thereof; instead, in these cases, the courts address the merits of arguments that the governmental entity is equitably estopped from taking some action. *See City of White Settlement*, 198 S.W.3d at 772–74 (city not estopped from enforcing an ordinance that required a car wash business to have a continuous fence along one side of its property); *Roberts v. Haltom City*, 543 S.W.2d 75, 76–80 (Tex. 1976) (city could be estopped from enforcing ordinance that required that

8

a notice of claim be made within 30 days of an injury because a city official led the claimant to believe that the notice provision had been waived); *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 830, 833–36 (Tex. 1970) (city not estopped from enforcing zoning restrictions); *City of San Angelo v. Deutsch*, 91 S.W.2d 308, 308–13 (Tex. 1936).

The *City of White Settlement* opinion describes the type of cases that may fall under the "justice requires" exception: where there is evidence that government officials may have affirmatively misled the parties seeking to estop the governmental entity and that the misleading statements resulted in the permanent loss of their claims. *See City of White Settlement*, 198 S.W.3d at 772–74. In the Equitable Estoppel Cases, the courts do not conclude that the governmental entity is equitably estopped from asserting sovereign or governmental immunity, nor do the courts conclude that equitable estoppel is an independent claim against a governmental entity as to which such immunity has been waived. *See City of White Settlement*, 198 S.W.3d at 772–74; *Roberts*, 543 S.W.2d at 76–80; *City of Hutchins*, 450 S.W.2d at 830, 833–36; *Deutsch*, 91 S.W.2d at 308–13. Thus, the Equitable Estoppel Cases do not provide any support for a waiver of the District's governmental immunity as to any of Kilpatrick's claims. *See City of White Settlement*, 198 S.W.3d at 772–74; *Roberts*, 543 S.W.2d at 76–80; *City of Hutchins*, 450 S.W.2d at 830, 833–36; *Deutsch*, 91 S.W.2d at 308–13; *Groba v. City of Taylor*, No. 03-19-00365-CV, 2021 WL 359203, at *3 (Tex. App.—Austin Feb. 3, 2021, pet. denied) (concluding that the Equitable Estoppel Cases address whether and under what exceptional circumstances a city may be estopped from enforcing municipal ordinances, not whether a city's actions may confer jurisdiction on the trial court) (mem. op.); *North Texas Municipal Water Dist. v. Jinright*, No. 05-18-00152-CV, 2018 WL 6187632, at *3 (Tex. App.—Dallas Nov. 27, 2018, pet. denied) (concluding that the doctrine of equitable estoppel may not

be used as a basis for finding a waiver of an entity's governmental immunity) (mem. op.).

In this context, for there to be a waiver of the District's governmental immunity as to Kilpatrick's claims, the Texas Legislature must have waived the District's governmental immunity by clear and unambiguous language in a statute or legislative resolution or the United States Congress must have enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally expressing Congress's intent to waive the District's governmental immunity as to Kilpatrick's claims. *See* U.S. Const. Amend. XIV, §5; Tex. Civ. Prac. & Rem. Code Ann. § 107.001, *et seq.* (West, Westlaw through 2021 C.S.); Tex. Gov't Code Ann. § 311.034 (West, Westlaw through 2021 C.S.); *Dallas/Fort Worth Int'l Airport Bd.*, 576 S.W.3d at 367; *Brice v. Texas Dep't of Fam. & Protective Servs.*, No. 14-20-00506-CV, 2022 WL 1310876, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2022, no pet.) (mem. op.). Kilpatrick does not assert that the Texas Legislature has waived the District's governmental immunity in a statute or legislative resolution or that the United States Congress has enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally expressing Congress's intent to waive the District's governmental immunity as to Kilpatrick's claims.[1]

Kilpatrick argues that governmental immunity does not apply to a claim for equitable estoppel. Kilpatrick cites no case in which a court so holds. This court and the Fifth Court of Appeals have held that no waiver of governmental immunity had been shown for a purported claim of equitable estoppel. *See Smith v. City of League City*, 338 S.W.3d 114, 129–30 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *City of Dallas v. PDT Holdings, Inc.*, No. 05-21-00018-CV, 2021 WL

---

[1] Governmental immunity would not shield the District from a claim based on a taking under article I, section 17 of the Texas Constitution. *See* Tex. Const. art. I, § 17; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). Kilpatrick has not asserted such a taking claim, and the record does not reveal any basis on which Kilpatrick could properly do so.

3733059, at *5 (Tex. App.—Dallas Aug. 24, 2021, no pet.) (mem. op.).

Kilpatrick asserts that he has not asserted any claims against the District under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001, *et seq.* (West, Westlaw through 2021 C.S.). Kilpatrick notes that the Texas Tort Claims Act does not apply to claims arising in connection with the assessment or collection of taxes, and Kilpatrick asserts that his claims arise from the assessment or collection of taxes. *See id.* § 101.055. The inapplicability of the waivers of governmental immunity in the Texas Tort Claims Act to Kilpatrick's claims does not provide this court with a basis to conclude that the District's governmental immunity has been waived as to Kilpatrick's claims.

None of the cases that Kilpatrick cites support the proposition that the District's governmental immunity has been waived as to any of his claims in this case. Kilpatrick has not shown that the Texas Legislature has waived the District's governmental immunity as to his claims by clear and unambiguous language, nor has Kilpatrick shown that the United States Congress has enacted a statute pursuant to section 5 of the Fourteenth Amendment unequivocally expressing Congress's intent to waive the District's governmental immunity as to Kilpatrick's claims. *See Dallas/Fort Worth Int'l Airport Bd.*, 576 S.W.3d at 367; *Brice*, 2022 WL 1310876, at *2; *City of League City*, 338 S.W.3d at 129–30; *PDT Holdings, Inc.*, 2021 WL 3733059, at *5. Because Kilpatrick did not carry his burden of affirmatively demonstrating the trial court's jurisdiction by alleging a valid waiver of the District's governmental immunity, the trial court erred in denying the District's plea to the jurisdiction, and we sustain the District's sole issue. *Whitley*, 104 S.W.3d at 542.

### III. CONCLUSION

Because Kilpatrick did not allege a valid waiver of the District's governmental immunity, the trial court erred in denying the District's plea to the jurisdiction. We reverse the trial court's order and render judgment sustaining the District's plea to the jurisdiction and dismissing all of Kilpatrick's claims with prejudice for lack of subject-matter jurisdiction based on governmental immunity.

/s/    Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.