**BANK OF TEXAS, Appellant,**

v.

**Julio S. LAGUARTA, Appellee.**

**No. 1789.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 19, 1978.

Debora D. Ratliff, Wood, Campbell, Moody & Gibbs, Houston, for appellant.

James P. Kelley, Sheinfeld, Maley & Kay, Houston, for appellee.

CIRE, Justice.

Bank of Texas appeals from a temporary injunction granted in favor of Julio S. Laguarta, appellee.

Appellant, in January 1977, obtained a judgment against appellee for the sum of $186,993.36. The judgment was abstracted and then filed and indexed in the real property records of Harris County. Upon filing and indexing, the judgment lien attached to all nonexempt real properties in Harris County which were owned by appellee. Appellant conducted discovery procedures but was unable to locate assets to satisfy its judgment other than appellee's homestead property. In October 1977 Constable Rankin, through his employees, levied execution on appellee's homestead. A constable's sale was scheduled for November 1, 1977.

On October 24, 1977 appellee filed a suit for declaratory judgment and an application for injunctive relief seeking to prohibit the sale of his homestead until and unless, at a trial on the merits, the bank could allege and prove the existence of a "non-exempt portion of the property." The trial court, after a hearing, issued the temporary injunction pending final determination on the merits. The trial court additionally filed findings of fact and conclusions of law wherein, among other things, it determined that appellant's property at the time he designated it as his homestead in 1969 had a fair market value in excess of both the $5,000 exemption and the outstanding balance on any purchase money mortgage against the property. Further findings and conclusions determined the fair market value, exclusive of improvements, to be in excess of $159,000 on the eve of the proposed constable's sale.

Appellant Bank of Texas asserts a single point of error, claiming that the trial court abused its discretion in that it granted the temporary injunction and refused to order the sale of the property because it erroneously applied the law to undisputed facts. Appellant's first claim is that no probable right has been shown to prohibit the constable's sale. Probable right is a necessary requisite for issuance of a temporary injunction. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (Tex.Sup.1953). Appellee Laguarta, however, proved probable right when he proved that this property was his homestead and that the appellant had not properly complied with the law requiring appellant to plead and prove value in the homestead in excess of the exempt amount. *See O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.Sup.1976); *Hargadine v. Whitfield*, 71 Tex. 482, 9 S.W. 475 (1888); *Chalk v. Daggett*, 257 S.W. 228 (Tex.Com.App.1924, jdgmt. adopted).

Appellant, however, claims that it did plead and prove excess at the temporary

injunction hearing. In support of its argument appellant refers this court to the trial court's findings of fact and conclusions of law. We recognize that the trial court in its findings of fact and conclusions of law determined that this property was in excess of the homestead exemption. However, we are not satisfied that this is a question that can or should be determined at a temporary injunction hearing. We agree with the reasoning of the Dallas Court of Civil Appeals in the case of *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684 (Tex. Civ.App.—Dallas 1976, writ ref'd n. r. e.) wherein it was concluded that:

> A hearing on an application for temporary injunction does not serve the same purpose as the hearing on the merits, nor should an appeal from a preliminary order be used to obtain an advance ruling on the merits. The most expeditious way of obviating the hardship of an unfavorable preliminary order is to try the case on the merits and thus secure a hearing in which both facts and law may be fully developed, and then both trial and appellate courts can render judgment finally disposing of the controversy. *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959).

544 S.W.2d at 689.

■ Probable injury, another requisite for issuance of a temporary injunction, was shown by the mere fact that appellee would be deprived of his homestead by the constable's sale on November 1, 1977.

■ The temporary injunction is upheld pending a trial on the merits.

Affirmed.