The CITY OF HOUSTON, Appellant,

v.

SOUTHERN WATER CORP., et al., Appellees.

No. A14–83–820CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1984.

Fred Spence, Houston, for appellant.

Robert L. Burns, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## J. CURTISS BROWN, Chief Justice.

The City of Houston (the City or appellant) is appealing from a temporary injunction which restrains the City from pursuing a condemnation. The property involved is the public sanitary sewer and water supply systems of the Hidden Valley subdivision located in northern Harris County, which was annexed by the City of Houston in 1977. The owners of the two systems are the Southern Water Corporation, the Southern Sanitary Corporation, and Mr. Raleigh A. Smith, Jr., (Southern Water or appellees).

■ Since this case is an appeal from a temporary injunction, it is governed by the principles explained in *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). In our review of the injunction we only look to see whether its issuance was a clear abuse of discretion. *Id.* at 862. If the record reflects that appellees have shown a probable right and probable harm, we must sustain the injunction. In examining the record we cannot review the underlying merits of the case. *Id.* at 861.

■ Our limited scope of review stems from the fact that a hearing on a temporary injunction does not serve as a hearing on the merits. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959). As a matter of policy, an unfavorable preliminary order should be tried in a hearing on the merits, rather than being challenged by an interlocutory appeal. *Id.* 327 S.W.2d at 422; *Bank of Texas v. Laguarta,* 565 S.W.2d 363, 365 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

The City processed a condemnation proceeding through an award from the commissioners appointed by the county court. The City appropriated funds to be deposited with the registry of the Court, but were restrained before actually making the deposit. In seeking a temporary injunction appellees claimed damages to their business that would result when the City took possession of the real estate, fixtures, and intangibles of the sewage and water supply systems. They specifically cited damage from depreciation, mismanagement, forfeiture of contract rights, and loss of other intangible personal property associated with running a business. In seeking their injunction, appellees relied upon *Lone Star Gas Co. v. City of Fort Worth,* 128 Tex. 392, 98 S.W.2d 799 (1936). They argued that, under *Lone Star,* the City does not have the power to condemn a corporation and its related business activities.

In three points of error, appellant asserts that the district court lacked the power to enjoin the county court proceedings since the general condemnation statutes provide appellees an adequate remedy at law. In arguing these points, appellant asserts that *Lone Star* can be distinguished from the facts of this case.

■ District courts generally lack the power to enjoin condemnation proceedings in county courts. *Coastal Industrial Water Authority v. Houston Lighting & Power Co.,* 564 S.W.2d 389, 391 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). The exception to this rule occurs when the con-

**572**

demnation proceedings themselves are void for want of jurisdiction. *Brown v. Lower Colorado River Authority*, 485 S.W.2d 369, 371 (Tex.Civ.App.—Austin 1972, no writ).

This was the conclusion of the Supreme Court in *Lone Star Gas Co. v. City of Fort Worth.* In *Lone Star*, the City of Fort Worth had attempted to condemn the entire real estate, fixtures, and systems of a public utility, a gas company. The City of Fort Worth had not appropriated any monies for the acquisition. While the City of Houston has appropriated funds to cover the award in question, in all other respects its condemnation is similar to that of the City of Fort Worth.

In *Lone Star*, the Court first determined that the jurisdiction of the county court in actions under the general condemnation statutes is limited to real estate. *Lone Star*, 98 S.W.2d at 802. In *Pearson v. State*, 315 S.W.2d 935, 937–38 (Tex.1958), they again stated that the jurisdiction of the county court in eminent domain proceedings is limited and special. As the Court in *Lone Star* stated,

> ... we become forcefully impressed with the inadequacy and inappropriateness of the provisions in articles 3264 and 3265 for determining the value of such properties. It must be kept in mind that the taking and appropriation here is not merely of land and physical properties, but of everything connected with and constituting the *business* and distributing system of the plaintiff as a subsisting public utility. (emphasis original)

*Lone Star*, 98 S.W.2d at 803. The Court itemized the aspects of doing business which are not proper subjects for condemnation. They listed franchises, easements, contracts, and good will of customers. These aspects of a business may not be condemned without some reasonable assurance that their loss will be compensated. The ultimate holding of *Lone Star* is that some process must be established, either by general statute or through a city's charter, which provides security for any utility that may be condemned. *Id.* at 805.

The City has cited no such statute nor charter provisions and we are aware of none.

Appellant's three points of error are overruled. The judgment of the trial court is affirmed.