ACCEPTED
01-15-00480-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 1:14:12 PM
CHRISTOPHER PRINE
CLERK

**Oral Argument Conditionally Requested**

## No. 01-15-00480-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 1:14:12 PM
CHRISTOPHER A. PRINE
Clerk

In The Court Of Appeals For The First District Of Texas
Houston, Texas

# Metropolitan Theatre, LLC,

### Appellant

## v.

# Joseph Dow and YES Prep Public Schools, Inc.,

### Appellees

On Appeal From The 334th District Court Of
Harris County, Texas, Cause No. 2015-24030

# BRIEF OF APPELLEE
# YES PREP PUBLIC SCHOOLS, INC.

J. Wiley George
Cameron P. Pope
Katie Ahlrich
600 Travis Street, Suite 4200
Houston, Texas  77002
Telephone: 713.220.4200
Fax: 713.220.4285

Attorneys for Appellee YES Prep
Public Schools, Inc.

HOU:3586037.6

## PARTIES AND COUNSEL

**Appellee and Defendant below**

Appellee YES Prep Public Schools, Inc. ("YES Prep")

### Counsel for YES Prep

J. Wiley George
Cameron P. Pope
Katie Ahlrich
Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas  77002

**Appellant and Plaintiff below**

Metropolitan Theatre, LLC ("Metropolitan")

### Counsel for Metropolitan:

Benjamin L. Hall, III
William L. VanFleet
Kimberly R. Bennett
530 Lovett Boulevard
Houston, Texas 77006

**Defendant below**

Joseph Dow[1]

### Counsel for Joseph Dow:

C. Henry Kollenberg
Crain, Caton & James, P.C.
Five Houston Center, 17th Floor
1401 McKinney Street, Suite 1700
Houston, Texas 77010

---

[1]    Although included in the caption, Mr. Dow is not a party to this appeal.

HOU:3586037.6

# TABLE OF CONTENTS

I.     Introduction ...................................................................................1

II.    Statement of Facts .........................................................................2

    A.  YES Prep, a governmental entity, purchased the
        Property from Dow to build a public school,
        offices, and a teacher training center .....................................2

    B.  Metropolitan sued Dow and YES Prep, alleging a
        prior contractual right to purchase the Property
        from Dow .................................................................................3

    C.  The district court granted YES Prep's plea to the
        jurisdiction, leaving Metropolitan with its claims
        against Dow .............................................................................5

III.   Summary of the Argument ..............................................................7

IV.    Standard Of Review ........................................................................7

V.     Arguments and Authorities .............................................................8

    A.  YES Prep did not take the Metropolitan Contract
        as a matter of law ...................................................................8

        1.  Governmental action that affects the value
            of a contract between two private parties is
            not a "taking" .................................................................8

        2.  Metropolitan does not cite a single case for
            the proposition that YES Prep's lawful
            acquisition can give rise to a taking .............................14

    B.  Metropolitan failed to establish that YES Prep had
        the requisite intent to take its contract .................................18

VI.    Conclusion ...................................................................................22

HOU:3586037.6

# INDEX OF AUTHORITIES

**Cases**

*767 Third Ave. Assocs. v. United States*,
48 F.3d 1575 (Fed. Cir. 1995) ................................................................. 13

*A.C. Aukerman Co. v. State*,
902 S.W.2d 576 (Tex. App.—Houston [1st Dist.] 1995,
writ denied) ............................................................................................. 13

*Acceptance Ins. Cos., Inc. v. United States*,
84 Fed. Cl. 111 (Fed. Cl. 2008), *aff'd*, 583 F.3d 849 (Fed.
Cir. 2009) ...................................................................................... 10, 12, 17

*Bishop v. Chappell Hill Serv. Co.*,
No. 01-14-00360-CV, 2015 WL 4591682 (Tex. App.—
Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.) ........................6

*Brooks-Scanlon Corp. v. United States*,
265 U.S. 106 (1924) .................................................................... 11, 13, 15

*Carlton v. Trinity Univ. Ins. Co.*,
32 S.W.3d 454 (Tex. App.–Houston [14th Dist.] 2000,
pet. denied) ...............................................................................................4

*Cent. Appraisal Dist. of Taylor Cnty. v. W. AH 406, Ltd.*,
372 S.W.3d 672 (Tex. App.—Eastland 2012, pet.
denied)..................................................................................................... 14

*City of Houston v. Downstream Envtl., L.L.C.*,
444 S.W.3d 24 (Tex. App.—Houston [1st Dist.] 2014,
pet. denied) ............................................................................................. 21

*City of Houston v. S. Water Corp.*,
678 S.W.2d 570 (Tex. App.—Houston [14th Dist.] 1984,
writ dism'd) ............................................................................................. 15

*City of Pasadena v. Kuhn*,
260 S.W.3d 93 (Tex. App.—Houston [1st Dist.] 2008, no
pet.) .........................................................................................................7, 8

HOU:3586037.6

*Cypress Forest Pub. Util. Dist. v. Kleinwood Mun. Util. Dist.,*
309 S.W.3d 667 (Tex. App.—Houston [14th Dist.] 2010,
no pet.) ........................................................................................ *passim*

*Edwards Aquifer Auth. v. Day,*
369 S.W.3d 814 (Tex. 2012)...................................................................9

*El Dorado Land Co. v. City of McKinney,*
395 S.W.3d 798 (Tex. 2013)................................................................ 15

*Gen. Bonding & Cas. Ins. Co. v. Moseley,*
110 Tex. 529, 222 S.W. 961 (Tex. 1920) ............................................ 14

*Gen. Servs. Comm'n v. Little-Tex Insulation Co.,*
39 S.W.3d 591 (Tex. 2001)............................................................. 19, 21

*Hall v. Hix,*
297 S.W. 491 (Tex. Civ. App.—Fort Worth 1927, writ
ref'd)............................................................................................... 14

*Horne v. Dep't of Agric.,*
135 S. Ct. 2419 (2015) ...................................................................... 15

*Ins. Co. of State of Pa. v. Flores,*
14-05-00346-CV, 2006 WL 1140388 (Tex. App.—
Houston [14th Dist.] Apr. 27, 2006, no pet.) .....................................4

*Lone Star Gas Co. v. City of Fort Worth,*
128 Tex. 392, 98 S.W.2d 799 (Tex. 1939) ......................................... 15

*LTTS Charter Sch., Inc. v. C2 Constr., Inc.,*
342 S.W.3d 73 (Tex. 2011)...................................................................2

*MBP Corp. v. Bd. of Trs. of Galveston Wharves,*
297 S.W.3d 483 (Tex. App.—Houston [14th Dist.] 2009,
no pet.) ...................................................................................... 19, 21

*Occidental Chem. Corp. v. ETC NGL Transp., LLC,*
425 S.W.3d 354 (Tex. App.—Houston [1st Dist.] 2011,
pet. dism'd) .......................................................................................9

HOU:3586037.6

*Omnia Commercial Co. v. United States,*
   261 U.S. 502 (1923) ................................................................ 9, 10, 11, 17

*Palmyra Pac. Seafoods, L.L.C. v. United States,*
   561 F.3d 1361 (Fed. Cir. 2009)............................................. 10, 11, 12, 17

*State v. Holland,*
   221 S.W.3d 639 (Tex. 2007)............................................................. 8, 19

*Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings,*
   *Inc.,*
   219 S.W.3d 563 (Tex. App.—Austin 2007, pet. denied)................... 14

*Tex. Parks & Wildlife Dep't v. Sawyer Trust,*
   354 S.W.3d 384 (Tex. 2011)................................................................. 10

**Constitutional Provisions**

Tex. Const. art. I, § 17 .................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................. 17

Tex. R. App. P. 9.4(i)(2)(B)........................................................................ 23

**Other Authorities**

http://www.yesprep.org/schools/southside
   (last visited Oct. 6, 2015) ...................................................................3

HOU:3586037.6

## STATEMENT OF THE CASE

**Nature of the Case**    YES Prep, a governmental unit for purposes of the Texas Tort Claims Act, purchased property from Joseph Dow to develop as a public school, offices, and a teacher training center. Metropolitan alleges that it is entitled to the property and to money damages, because it had previously entered into a contract with Dow to purchase the property.

**Course of Proceedings**    Metropolitan sued both Dow and YES Prep, alleging breach of contract, fraud, and "theft/misappropriation."[2] YES Prep filed a plea to the jurisdiction on the basis of its governmental immunity.[3] Metropolitan supplemented its petition to allege a "takings" claim under Article I, section 17 of the Texas Constitution.[4] YES Prep filed a supplemental plea to the jurisdiction addressing this claim.[5]

**Disposition**    After a hearing, the district court, the Hon. Grant Dorfman, granted YES Prep's pleas to the jurisdiction.[6]

---

[2]    CR 3–8.

[3]    CR 9–20.

[4]    CR 21–24, 37.

[5]    CR 30–36.

[6]    CR 40.

HOU:3586037.6

## ISSUES PRESENTED

In purchasing property from Dow under a contract, can YES Prep be liable under the Texas Constitution for "taking" Metropolitan's separate, unconsummated contract with Dow to purchase the same property?

## STATEMENT REGARDING ORAL ARGUMENT

This dispute involves the application of well-defined law to a short record. YES Prep therefore believes that oral argument is unnecessary, but would be pleased to present argument if the Court would find it helpful.

HOU:3586037.6

## I.    INTRODUCTION

Metropolitan alleges that in early 2013 it entered into a contract to purchase property in Houston (the "Property") for $4.25 million from Joseph Dow. The deal fell through, and Metropolitan never took title to the Property. YES Prep, a governmental unit, entered into its own contract with Dow in May 2014, paying $5.4 million to purchase and take title to the Property. YES Prep then began to build a public school, offices, and a teacher training center on the Property.

Metropolitan alleges that it is entitled to compensation from YES Prep under Article I, section 17 of the Texas Constitution, because by acquiring the Property, YES Prep "took" Metropolitan's contract with Dow. But, as a matter of law, the government does not "take" a contract between two private parties, like Metropolitan and Dow, merely by acquiring the subject matter of that contract (here, the Property).

Metropolitan's "takings" claim also requires it to establish that YES Prep intended to take Metropolitan's 2013 contract under its powers as a governmental unit. Metropolitan failed to meet its burden. In negotiating and executing its separate 2014 contract with Dow to purchase the Property, YES Prep was acting with intent akin to a private citizen, not a sovereign.

Metropolitan may have breach of contract and other claims against Dow, but it does not have a constitutional "takings" claim (or any other claim) against YES Prep. The district court's judgment granting YES Prep's plea to the jurisdiction should be affirmed.

## II.  STATEMENT OF FACTS

### A.  YES Prep, a governmental entity, purchased the Property from Dow to build a public school, offices, and a teacher training center

YES Prep is an open-enrollment charter school, and as such is a governmental unit for purposes of the Texas Tort Claims Act.[7] On May 1, 2014, Joseph Dow and YES Prep entered into a contract (the "YES Prep Contract") to purchase the Property.[8] Three months later, on August 1, the parties closed on the Property's sale: YES Prep tendered the $5.2 million purchase price, and Dow tendered a Special Warranty Deed conveying title to the Property to YES Prep.[9] YES Prep recorded the Deed on August 4.[10]

---

[7] *See* App. Br. at 7 ("There is no dispute that as an open enrollment state chartered school, YES Prep is a state governmental entity."); *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 82 (Tex. 2011) ("Open-enrollment charter schools are governmental units for Tort Claims Act purposes . . ."); *see also* Supp. CR 96–110.

[8] Supp. CR 59, 61–74.

[9] Supp. CR 59, 76–90.

[10] Supp. CR 80–84.

HOU:3586037.6

After the purchase, YES Prep spent, or contracted to spend, more than $10 million relating to the design, engineering, and construction of a public school, offices, and a teacher training center.[11] The public school was scheduled to (and did) open in August 2015,[12] and, when fully built out, will have space for more than 2,000 students from low-income communities.[13] A few months before the opening, however, Metropolitan filed suit alleging rights in the Property and seeking to have YES Prep ejected.[14]

## B. Metropolitan sued Dow and YES Prep, alleging a prior contractual right to purchase the Property from Dow

Metropolitan sued Dow and YES Prep on April 27, 2015, asserting a right to obtain title to the Property under an alleged February 12, 2013 contract between Dow and Metropolitan (the "Metropolitan Contract").[15] Metropolitan did not verify its petition.[16]

---

[11] *See* CR 10.

[12] *See* CR 9–10; *see also* http://www.yesprep.org/schools/southside (last visited Oct. 6, 2015).

[13] CR 9.

[14] *See* CR 1–8.

[15] CR 1–8.

[16] Although it is titled "Plaintiff's Verified Original Petition," no verification is in the record. CR 3.

HOU:3586037.6

Nor did it file a copy of the alleged Metropolitan Contract—the purported copy of the contract that Metropolitan includes as appendix 2 to its brief was not filed in the trial court, is not properly part of the appellate record, and should be stricken.[17]

Nonetheless, Metropolitan alleged that the Metropolitan Contract entitled it to purchase the Property for $4.25 million, and that Dow failed to comply with eight "contractual conditions precedent" to the purchase.[18] Metropolitan then asserted causes of action against Dow and YES Prep collectively for "declaratory judgment relief, breach of contract, fraud in a real estate transaction, credit fraud, request for specific performance, rescission, fraud, theft/misappropriation and injunctive relief."[19] Metropolitan sought more than $1 million in damages, plus possession, title, and control of the Property.[20]

---

[17]  YES Prep thus objects and moves to strike Metropolitan's appendix 2. *See Ins. Co. of State of Pa. v. Flores*, 14-05-00346-CV, 2006 WL 1140388, at *2 n.3 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, no pet.) (granting motion to strike extra-record documents attached to appellant's brief); *Carlton v. Trinity Univ. Ins. Co.*, 32 S.W.3d 454, 457–58 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (same).

[18]  CR 4–5 at ¶ 4.2.

[19]  CR 7 at ¶ 5.1.

[20]  CR 7–8.

HOU:3586037.6

**C.** **The district court granted YES Prep's plea to the jurisdiction, leaving Metropolitan with its claims against Dow**

Dow answered and filed a counterclaim and third party petition.[21] YES Prep, however, filed a plea to the jurisdiction on the basis of its governmental immunity.[22] Metropolitan filed a response to the plea,[23] as well as a supplemental petition alleging that YES Prep violated Article I, section 17 of the Texas Constitution by allegedly taking Metropolitan's "contractual right to purchase" the Property under the Metropolitan Contract without paying "just compensation."[24] YES Prep filed a supplemental plea to the jurisdiction addressing this claim.[25]

The district court held a hearing on YES Prep's pleas to the jurisdiction on May 12, 2015.[26] Metropolitan describes it as a "non-

---

[21] CR 43–46.

[22] CR 9–20.

[23] CR 25–29.

[24] CR 22–23

[25] CR 30–36.

[26] *See* RR 1–61.

– 5 –

evidentiary hearing."[27] In fact, YES Prep submitted evidence in support of its pleas.[28]

The day after the hearing, Metropolitan filed a two-page, unverified second supplement to its original petition, conclusorily alleging that it had a "perfected and unconditional right to buy" the Property, and that "[t]here were no contingencies that had not occurred."[29] Metropolitan did not submit any evidence in support of this second supplement.[30]

The district court granted YES Prep's plea to the jurisdiction and supplemental plea to the jurisdiction, dismissed Metropolitan's claims against YES Prep with prejudice, and awarded YES Prep costs of court.[31]

---

[27] *See* App. Br. at ix, 3.

[28] *See* Supp. CR 15–30, 58–90, 95–134. "Texas law does not require an evidentiary hearing on pleas to the jurisdiction; rather, the law directs trial courts to consider evidence produced by the parties when necessary." *Bishop v. Chappell Hill Serv. Co.*, No. 01-14-00360-CV, 2015 WL 4591682, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.).

[29] CR 37–38.

[30] *See* CR 37–38.

[31] CR 40.

HOU:3586037.6

### III. SUMMARY OF THE ARGUMENT

The district court properly granted YES Prep's pleas to the jurisdiction. Under United States Supreme Court precedent going back nearly a century, a private party who contracts with another private party has no takings claim against a governmental entity that acquires the subject matter of the contract. YES Prep did not "take" the Metropolitan Contract by acquiring the Property under the separate YES Prep Contract.

The law also requires that any taking be intentional, and Metropolitan has failed to establish that YES Prep intended to take the Metropolitan Contract under its powers as a governmental entity. To the contrary, while negotiating and executing the $5.4 million YES Prep Contract with Dow, which allegedly "took" the Metropolitan Contract, YES Prep was acting with intent akin to that of a private citizen.

### IV. STANDARD OF REVIEW

"The standard of review of an order granting a plea to the jurisdiction based on governmental immunity is de novo. It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction." *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (internal

– 7 –

citations omitted). While the Court must construe the allegations in plaintiff's pleadings in favor of the plaintiff, it is "not bound by the legal conclusions." *Id.*

## V. ARGUMENTS AND AUTHORITIES

"To establish a takings claim under Article I, section 17, the claimant must show that a governmental actor acted intentionally to take or damage property for a public use." *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *see* Tex. Const. art. I, § 17. There is no dispute that YES Prep is a governmental actor and that it purchased the Property from Dow for a public use under the YES Prep Contract.[32] In doing so, however, YES Prep did not "take" the Metropolitan Contract, let alone do so intentionally.

**A.    YES Prep did not take the Metropolitan Contract as a matter of law**

**1.    Governmental action that affects the value of a contract between two private parties is not a "taking"**

According to Metropolitan, "the threshold issue in this appeal" is whether contract rights can be the subject of a takings claim under

---

[32] App. Br. at 7 ("There is no dispute that as an open enrollment state chartered school, YES Prep is a state governmental entity. Nor is there any question but that YES Prep entered into the YES Prep Contract and acquired the Property for public use.") (internal citation omitted).

HOU:3586037.6

Article I, section 17.[33] Metropolitan posits that the answer is "yes," and alleges that YES Prep's actions in acquiring the Property constitute "a taking or destruction of the Metropolitan Contract without adequate compensation."[34]

But "in construing article I, section 17 of the Texas Constitution," the Texas Supreme Court has "generally been guided by the United States Supreme Court's construction and application of the similar guarantee provided by the Fifth Amendment to the United States Constitution and made applicable to the states by the Fourteenth Amendment." *Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 838 (Tex. 2012). And the United States Supreme Court has long rejected Metropolitan's contractual takings theory.

"[T]he Supreme Court, beginning with *Omnia* [*Commercial Co. v. United States*, 261 U.S. 502 (1923)], has held that a compensable taking can never occur in cases where government actions caused the loss of

---

[33] App. Br. at 7. The real "threshold issue" is whether the trial court had jurisdiction. It did. *See Cypress Forest Pub. Util. Dist. v. Kleinwood Mun. Util. Dist.*, 309 S.W.3d 667, 672–73 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that district court had jurisdiction to decide Article I, section 17, claim for alleged taking of contract rights); *see also Occidental Chem. Corp. v. ETC NGL Transp., LLC*, 425 S.W.3d 354, 358–63 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) (holding that district court had jurisdiction over suit to enforce common carrier's statutory right).

[34] App. Br. at 4, 7.

HOU:3586037.6

a commercial sale from one private party to another, but did not actually take the contract in question." *Acceptance Ins. Cos., Inc. v. United States*, 84 Fed. Cl. 111, 117 (Fed. Cl. 2008), *aff'd*, 583 F.3d 849 (Fed. Cir. 2009).[35] This *Omnia* rule remains the law. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 392 n.4 (Tex. 2011) (citing *Omnia*, 261 U.S. at 510, with approval).

In *Omnia*, the federal government requisitioned all of the steel produced by a steel company, frustrating Omnia's contract with the steel company to purchase the steel. 261 U.S. at 507. Omnia sued the government for the purported "taking" of its contract. *Id.* at 507–08. The Supreme Court held that there was no taking. *Id.* at 510–11.

"The [Supreme] Court made clear that when a party alleges that a contract has been taken, courts should distinguish between the claimed taking of the subject matter of a contract and the taking of the contract itself, and it held that a showing that the subject matter of a contract has been taken ***is not sufficient*** to demonstrate that the

---

[35] *See also Palmyra Pac. Seafoods, L.L.C. v. United States*, 561 F.3d 1361, 1365 (Fed. Cir. 2009) ("As a general matter, the government does not 'take' contract rights pertaining to a contract between two private parties simply by engaging in a lawful action that affects the value of one of the parties' contract rights. The Supreme Court's decision in *Omnia Commercial Co. v. United States*, has long stood for that proposition.").

HOU:3586037.6

contract itself has been taken." *Palmyra*, 561 F.3d at 1365 (discussing *Omnia*, 261 U.S. at 510–14) (emphasis added).

"Parties and a subject-matter are necessary to the existence of a contract, but neither constitutes any part of it; the contract consists in the agreement and obligation to perform." *Omnia*, 261 U.S. at 511. By requisitioning the steel, the government frustrated the subject matter of Omnia's contract, but did not take the contract itself. *Id.* at 511, 513 ("Frustration and appropriation are essentially different things."). As a matter of law, therefore, Omnia had no takings claim regarding its contract. *Id.*

Unless the governmental entity "put[s] itself in the shoes" of a party to a private contract and appropriates to itself "all the rights and advantages that an assignee of the contract would have had," there has been no taking of contract rights as a matter of law. *Brooks-Scanlon Corp. v. United States*, 265 U.S. 106, 120 (1924).[36] "This principle has remained unchanged" since *Omnia*, "and has been affirmed in a wide variety of takings claims where the Government,

---

[36] In *Brooks-Scanlon*, the government stepped into the shoes of a party who contracted for a ship, including taking a $419,500 credit that the claimant had paid the shipbuilder, and all of the claimant's plans and specifications. 265 U.S. at 120. The United States Supreme Court thus held that the government had taken the claimant's contract. *Id.* There are no similar allegations here.

– 11 –

acting in either a regulatory or commercial capacity, has caused the loss of the benefits of a contract or frustrated business expectations. In each of these cases, the plaintiff failed to receive its expected compensation from private agreements as a result of the Government's actions." *Acceptance Ins.*, 84 Fed. Cl. at 118 (citing cases and holding that plaintiff could not state takings claim for governmental action that prevented plaintiff from selling its property to private purchaser).[37]

In this case, therefore, the Court must distinguish between the Metropolitan Contract and its underlying subject matter (i.e., the Property). Metropolitan admits in its original petition that it never acquired "title to the [P]roperty."[38] Thus, the only thing YES Prep could theoretically have taken, and the only thing Metropolitan alleges YES Prep did take, is Metropolitan's alleged "property right in the Metropolitan Contract" itself.[39]

---

[37] *See also Palmyra Pac. Seafoods*, 561 F.3d at 1365 (holding that governmental action which adversely affected the value of a commercial fishing contract between private parties could not give rise to a takings claim).

[38] CR 5 at ¶ 4.3 ("Plaintiff now exercises its right to require Defendant to specifically perform and to provide Plaintiff with financing and title to the property as Dow promised.").

[39] App. Br. at 14; *see id.* ("YES Prep is a governmental entity which took or destroyed the Metropolitan Contract . . .").

HOU:3586037.6

But Metropolitan does not allege that YES Prep "put itself in Metropolitan's shoes" regarding the Metropolitan Contract. *Brooks-Scanlon Corp.*, 265 U.S. at 120. Rather, Metropolitan admits that YES Prep "entered into and later consummated the YES Prep Contract," which has separate terms, including a different, higher purchase price.[40] As a matter of law, therefore, YES Prep did not "take" the Metropolitan Contract.

Indeed, Metropolitan **still has** its rights under the Metropolitan Contract; it can sue, and **is** suing, Dow for money damages for breach of the Metropolitan Contract. *See A.C. Aukerman Co. v. State*, 902 S.W.2d 576, 578–79 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding that patentee had no takings claim against State, which contracted with patent infringers, and that "[a]ny cause of action" the patentee "might have is one for patent infringement against the contractors"); *767 Third Ave. Assocs. v. United States*, 48 F.3d 1575, 1582–83 (Fed. Cir. 1995) (holding that lessor had no takings claim against United States for actions that caused lessees to terminate leases, and that the lessor's "remedy, if any, lay against the [lessees], which defaulted on their lease obligations").

---

[40] App. Br. at 2.

HOU:3586037.6

That YES Prep's lawful action in purchasing the Property from Dow under the YES Prep Contract allegedly affected the value of the unconsummated Metropolitan Contract does not give Metropolitan a claim against YES Prep for "taking" the Metropolitan Contract.

**2.    Metropolitan does not cite a single case for the proposition that YES Prep's lawful acquisition can give rise to a taking**

Metropolitan cites nine cases for the proposition that contract rights can be taken. Although four of the cases do not involve an alleged taking at all,[41] YES Prep does not disagree that—in general— contractual rights are theoretically capable of being taken. But, since *Omnia* issued in 1923, the law has been that YES Prep's alleged actions in this case cannot give rise to an alleged taking of the Metropolitan Contract. *See supra* § V.A.1.

The five takings cases that Metropolitan cites in its brief do not change this law. None of them involve the *Omnia* rule:

---

41  *See Gen. Bonding & Cas. Ins. Co. v. Moseley*, 110 Tex. 529, 222 S.W. 961, 961 (Tex. 1920) (suit for cancellation of a note and deed of trust, given by plaintiffs for shares of stock in corporation); *Cent. Appraisal Dist. of Taylor Cnty. v. W. AH 406, Ltd.*, 372 S.W.3d 672, 674 (Tex. App.—Eastland 2012, pet. denied) ("This is a property tax dispute."); *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 569–71 (Tex. App.—Austin 2007, pet. denied) (dispute between competing private waste disposal companies); *Hall v. Hix*, 297 S.W. 491, 491–92 (Tex. Civ. App.—Fort Worth 1927, writ ref'd) (suit for cancellation of a note and deed of trust).

– 14 –

- In *Horne v. Department of Agriculture*, 135 S. Ct. 2419, 2424–25 (2015), raisin growers successfully challenged a federal marketing order requiring them "to give a percentage of their crop to the Government, free of charge."

- In *El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798 (Tex. 2013), the plaintiff sold land to a city for use as a park, but retained a reversionary interest if the city decided not to use the land for that purpose. The Court held that the reversionary interest was a property interest capable of being taken by condemnation, but expressed no opinion on whether a taking had occurred. *Id.* at 804.

- *Lone Star Gas Co. v. City of Fort Worth*, 128 Tex. 392, 98 S.W.2d 799 (Tex. 1939), involved a city's attempt to appropriate a private company's entire gas distribution system, including all related rights.[42]

- In *City of Houston v. Southern Water Corp.*, 678 S.W.2d 570 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd), the court affirmed a temporary injunction restraining a city from pursuing condemnation of a sanitary sewer and water supply system.

Metropolitan urges that the fifth takings case it cites, *Cypress Forest Public Utility District v. Kleinwood Municipal Utility District*, 309 S.W.3d 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.), is

---

[42] As part of this appropriation, the city sought to put itself in the company's shoes as to contracts, appropriating all the rights and advantages that an assignee to the contracts would have had. *Lone Star Gas*, 98 S.W. at 799. Like the claimant in *Brooks-Scanlon* (*see supra* note 34), therefore, the company had a takings claim as to these contracts, as part of its claim for appropriation of the entire gas distribution system.

– 15 –

"remarkably similar" to this one.[43] The only similarity, however, should be in the outcome: in *Cypress Forest*, the court of appeals held that the governmental entity was entitled to have its plea to the jurisdiction granted. *Id.* at 670.

*Cypress Forest* involved two municipal utility districts, Kleinwood and Cypress Forest. *Id.* Kleinwood entered into an annexation agreement with private property developers. *Id.* at 670–71. When Cypress Forest learned of the Kleinwood agreement, it allegedly convinced the developers to abandon and terminate the Kleinwood annexation agreement and to enter into a similar but separate agreement with Cypress Forest. *Id.* at 671. Kleinwood sued Cypress Forest, alleging a taking of its contract rights under the Kleinwood agreement. *Id.*

The court of appeals did not distinguish between the Kleinwood agreement and its underlying subject matter. In particular, the opinion fails to address the *Omnia* rule that acquiring the subject matter of a contract does not give rise to a takings claim

---

[43]    App. Br. at 11.

HOU:3586037.6

for the contract itself. *See id.* at 670–76.[44] This omission was ultimately harmless, however, because the court of appeals held that Kleinwood had no vested property interest in the agreement's subject matter. *Id.* at 675–76.

Specifically, Kleinwood asserted that Cypress Forest took its rights, under the Kleinwood agreement, (1) to be petitioned by the developer to have the tract of property annexed to its district, and (2) to tax property owners within the tract and its district. 309 S.W.3d at 675. But both rights were only "qualified" rights, not vested property rights. *Id.* at 676. The right to annexation vested only upon the developers' discretion to execute and file a petition for annexation. *Id.* And the right to taxes was "based merely on the

---

[44] Cypress Forest argued that "it did not appropriate Kleinwood's contract rights." 309 S.W.3d at 675 n.3. In a footnote, and without citing any authority, the court of appeals declared that this argument addressed "the merits of Kleinwood's takings claim," and did not decide it because "a challenge to the merits of a claim is not proper in a plea to the jurisdiction." *Id.* What Cypress Forest was arguing is not clear from the opinion. Nonetheless, in this case, the *Omnia* rule does **not** address the merits of Metropolitan's claim; it addresses Metropolitan's pleading that YES Prep took the Metropolitan Contract by acquiring the Property under the YES Prep Contract. *See e.g.*, *Omnia*, 261 U.S. at 508, 514 (affirming dismissal of petition for failure to state a claim upon which relief could be granted); *Palmyra Pac. Seafoods*, 561 F.3d at 1364, 1371 (affirming dismissal under Fed. R. Civ. P. 12(b)(6)); *Acceptance Ins.*, 84 Fed. Cl. at 112 (granting motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

expectancy that all future landowners in the district will be subject to paying ad valorem taxes." *Id.*

Likewise, Metropolitan has no vested property interest in the subject matter of the Metropolitan Contract: the Property. Metropolitan did not ever acquire title to the Property, as it admits in its original petition by demanding that Dow "provide Plaintiff with financing *and title* to the property as Dow promised."[45] Thus, even assuming Metropolitan's claim against YES Prep for "taking" the Metropolitan Contract was not barred by the *Omnia* rule (and it is), Metropolitan had only an expectancy that Dow would satisfy all conditions precedent, consummate the Metropolitan Contract, and transfer title to the Property. This mere expectancy would not give rise to a takings claim even under *Cypress Forest*.

Metropolitan thus has no claim against YES Prep for taking the Metropolitan Contract.

**B.** **Metropolitan failed to establish that YES Prep had the requisite intent to take its contract**

YES Prep did not take the Metropolitan Contract merely by acquiring the Property under the YES Prep Contract. But even if it

---

[45] CR 5 at ¶ 4.3 (emphasis added).

HOU:3586037.6

had, Metropolitan failed to meet its Article I, section 17, burden to establish that YES Prep acted with the necessary intent.

A governmental entity, "in acting within a color of right to take or withhold property in a contractual situation, is acting akin to a private citizen and not under any sovereign powers." *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 599 (Tex. 2001). "In this situation," the entity "does not have the intent to take under its eminent domain powers; [it] only has an intent to act within the scope of the contract." *Id.*; *see Holland*, 221 S.W.3d at 643–44 (holding that when a governmental entity receives property pursuant to contract rights, it lacks the intent for a takings claim, regardless of whether the contract is with a claimant or a third party); *MBP Corp. v. Bd. of Trs. of Galveston Wharves*, 297 S.W.3d 483, 488, 490 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (recognizing that the inquiry is whether the government "is acting as any private party could, and not a sovereign") (citation omitted).

In *Cypress Forest*, the court of appeals declared, without citing any authority, that this rule applies only when a party has "an *existing* colorable contract right." 309 S.W.3d at 674 (italics in original). Because Cypress Forest's alleged acts of interference with the Kleinwood agreement occurred before Cypress Forest entered

– 19 –

into its own annexation agreement with the developers, Cypress Forest could have had the intent necessary to state a takings claim because it "was not acting under existing contract rights." *Id.* at 674–75.

Metropolitan makes the same argument here. It alleges that "because YES Prep had no contract with Dow" when it allegedly "interfered with the Metropolitan Contract by convincing Dow to breach that agreement and execute the YES Prep Contract," YES Prep was not acting under any existing colorable contract rights.[46]

None of Metropolitan's petitions allege interference by YES Prep with the Metropolitan Contract, much less plead any facts that would support such an allegation.[47] The Metropolitan Contract was allegedly signed February 12, 2013.[48] YES Prep did not enter into the YES Prep Contract until May 1, 2014.[49] Simply put, Metropolitan's deal with Dow fell apart long before YES Prep came on the scene.

Regardless, there is no basis for *Cypress Forest*'s imposition of the requirement that a governmental entity must be acting under

---

[46] App. Br. at 17–18.

[47] *See* CR 3–8; CR 21–24; CR 37–39.

[48] *See* App. Br., App'x 2.

[49] *See* Supp. CR 59.

– 20 –

"existing contract" rights before it lacks the necessary intent to commit a taking. *Id.* In fact, since *Cypress Forest* issued in 2010, neither the Texas Supreme Court nor any other Texas court of appeals have adopted this "existing contract" requirement.

"Texas courts have long recognized that the State wears two hats: the State as a party to the contract," akin to a private citizen, "and the State as sovereign." *Gen. Servs. Comm'n*, 39 S.W.3d at 599. When negotiating a contract prior to its execution, the State is wearing its "private citizen" hat, rather than its "sovereign" hat. *Cf. MBP Corp.*, 297 S.W.3d at 491 (holding that port authority did not have the requisite intent to take commercial tenant's property, "because a private landowner could have acted" in the same way). Any alleged acts of interference by YES Prep with the Metropolitan Contract occurred in the context of negotiating the YES Prep Contract with Dow. Because YES Prep was wearing its "private citizen" hat in these negotiations,[50] it lacked the necessary intent to commit a taking using sovereign powers.

---

[50] It should be noted, however, that YES Prep's actions while wearing its "private citizen" hat to acquire and develop the Property as a public school were in furtherance of governmental functions. *See City of Houston v. Downstream Envtl., L.L.C.*, 444 S.W.3d 24, 33 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (recognizing that governmental functions are those conducted "in the performance of purely governmental matters solely for the public benefit") (citation omitted).

HOU:3586037.6

## VI.  CONCLUSION

Metropolitan may have a viable claim against Dow, but it has no claim against YES Prep. The district court's order granting YES Prep's plea to the jurisdiction should be affirmed.

Respectfully submitted,

ANDREWS KURTH LLP

By: */s/ Cameron P. Pope*
J. Wiley George
State Bar No. 07805445
wileygeorge@andrewskurth.com
Cameron P. Pope
State Bar No. 24032958
cameronpope@andrewskurth.com
Katie Ahlrich
State Bar No. 24063686
katieahlrich@andrewskurth.com
600 Travis Street, Suite 4200
Houston, Texas  77002
Telephone: 713.220.4200
Fax: 713.220.4285

*Attorneys for Appellee YES Prep Public Schools, Inc.*

HOU:3586037.6

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Appellee's Brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(B) because it contains 4,681 words.

<u>/s/ Cameron P. Pope</u>
Cameron P. Pope

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via Electronic Service on October 16, 2015.

Benjamin L. Hall, III
bhall@bhalllawfirm.com
William L. VanFleet
bvfleet@comcast.net
Kimberly R. Bennett
530 Lovett Boulevard
Houston, Texas 77006
*Counsel for Appellant*

<u>/s/ Cameron P. Pope</u>
Cameron P. Pope

HOU:3586037.6